UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAREL ALLAHAB, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  -against-<br><br>CENTRAL CREDIT SERVICES LLC, F/K/A VELDOS, LLC.,<br><br>      Defendants. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

  Plaintiff CHAREL ALLAHAB (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant CENTRAL CREDIT SERVICES LLC f/k/a Veldos, LLC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a corporation engaged in the business of debt collection with a place of business in Jacksonville, Florida.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers from whom Defendant collected or attempted to collect a service fee or other charge for paying their alleged debt, where such charges were not authorized by the original agreement between the creditor and the consumer, in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

2

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whom Defendant has collected, or attempted to collect, a service fee or other charge, where such charges were not authorized by the original agreement between the creditor and the consumer, in violation of specific provisions of the FDCPA. Plaintiff is complaining of a standard charge that Defendant apparently charges all consumers attempting to pay their alleged debts via credit card on Defendant's website, even though such charges are not authorized by the original agreement between the creditor and the consumer. (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

      be applied in determining such damages and restitution; and

   d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS OF FACT PARTICULAR TO CHAREL ALLAHAB**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to August 10, 2015, an obligation was allegedly incurred by Plaintiff to BMW Financial Services NA, LLC ("BMW").

14. The BMW obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged BMW obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. BMW is a "creditor" as defined by 15 U.S.C. § 1692a(4).

17. Defendant contends that the alleged BMW debt is past due.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. BMW, directly or through an intermediary, contracted Defendant to collect its debt.

21. In its effort to collect on same, Defendant mailed letters and/or placed a series of phone calls to Plaintiff requesting payment of the alleged debt owed.

22. One such letter was received by Plaintiff on or around August 10, 2015. (*See* **Exhibit A**).

23. On December 23, 2015 Defendant was called to inquire about the alleged debt.

5

24. When asked as to whether Plaintiff would be required to pay an additional fee for payment by credit card Defendant responded, "Um, debit cards and credit cards have a $5.00 service fee."

25. The notification and collection of the $5.00 service fee is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

26. Defendant's Service fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

27. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. Defendant collected, or attempted to collect, an unauthorized service fee from consumers wishing to pay their alleged debt from at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

**Violation of the Fair Debt Collections Practices Act**
**FIRST COUNT**
**15 U.S.C. §§ 1692e, 1692f**
**The Charging of Unlawful Fees**

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

31. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

32. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of a service fee.

33. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. Defendant attempted to collect an amount in excess of which it was authorized to collect by charging a service fee in violation of the FDCPA.

35. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e
## False or Misleading Representations

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

39. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

40. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be unlawfully received by any debt collector for the collection of a debt.

41. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

42. The "least sophisticated consumer" would likely be deceived by the fee charged for payments made by phone or web" language into believing that Defendant was legally entitled to collect the fee.

43. The least sophisticated consumer would likely be deceived in a material way by the Defendant's conduct.

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 10, 2016

Respectfully submitted,

By: __/s/ Ibrahim Abohamra_____
Ibrahim Abohamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Ibrahim Abohamra*_____
Ibrahim Abohamra, Esq.

Dated: February 10, 2016